IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,884-01, -02 & -03






EX PARTE BRANDON KEITH STRAIT, AKA WILLIE LEE STRAIT, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 366-82126-09, 366-80925-09 & 366-80926-09 


IN THE 366TH DISTRICT COURT

FROM COLLIN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of burglary of a habitation and one count of attempted burglary of a habitation. He was sentenced
to imprisonment for one term of fifteen years and two terms of ten years. The Fifth Court of Appeals
dismissed his appeals. Strait v. State, Nos. 05-10-00549-CR, 05-10-00550-CR & 05-10-00674-CR
(Tex. App.--Dallas 2010, pet.ref'd). 

 Applicant contends, among other things, that trial counsel rendered ineffective assistance. 
Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim.
App. 2000). On January 11, 2012, we remanded these applications and directed the trial court to
make findings of fact and conclusions of law. On remand, the trial court made findings and
conclusions and recommended that these applications be denied. We believe that the record is not
adequate to resolve Applicant's claims. The trial court shall order counsel to respond and state
whether he advised Applicant that he could appeal his convictions or sentences, why he failed to
object when the trial court signed certifications stating that Applicant's cases were not plea bargains,
and whether he believed that Applicant pleaded guilty on the condition that he would be able to
appeal his convictions or sentences. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 After reviewing counsel's response, the trial court shall make further findings of fact and
conclusions of law as to whether counsel's conduct was deficient and whether Applicant would have
pleaded not guilty but for this deficient conduct. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. If available, copies of the
reporter's records of the guilty plea hearing, punishment hearing, and motion for new trial hearing
shall also be returned to this Court within 120 days of the date of this order. Any extensions of time
shall be obtained from this Court. 



Filed: February 13, 2013

Do not publish